IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EARL RINGO, | ) |
|        Petitioner, | ) |
| v. | ) Case No. 4:03-CV-08002-BCW |
| DONALD ROPER, | ) |
|        Respondent. | ) |

## ORDER

Before the Court is Petitioner Earl Ringo's Motion for Relief from Judgment (Doc. #78). The Court being duly advised of the premises, and for good cause shown, denies said Motion.

## BACKGROUND

In 1999, a jury in the Circuit Court of Boone County, Missouri, convicted Petitioner Earl Ringo on two counts of first-degree murder and recommended a sentence of the death penalty on each count. The trial court sentenced Ringo accordingly. The trial court was affirmed on direct appeal, and the United States Supreme Court declined to hear the case.

On March 2, 2001, Ringo filed a pro se motion under Missouri Supreme Court Rule 29.15, seeking post-conviction relief on fifteen grounds. Appointed counsel filed an amended Rule 29.15 motion on June 7, 2001, asserting five grounds for relief. The court denied the amended motion on November 13, 2002.

Appointed appellate counsel, Melissa Pendergraph, filed a five-point appeal of the denial decision. While Ringo's appeal was pending before the Missouri Supreme Court, Pendergraph contacted attorneys Cheryl A. Pilate and Kent Gipson, to inquire about their willingness to

1

represent Ringo in the event he pursued federal habeas corpus relief. Both Pilate and Gipson confirmed they would take Ringo's case and Pendergraph sent Ringo an affidavit on October 23, 2003 to facilitate federal appointment of counsel. Thereafter, the Missouri Supreme Court issued the mandate on its order affirming the denial of state post-conviction relief on December 23, 2003.

On the same day, Ringo filed motions in this Court to proceed in forma pauperis and for appointment of counsel. The Court granted the motions and appointed attorney Shane Paul Cantin as counsel on January 8, 2004. On January 21, 2004, the Court appointed Bruce Galloway as co-counsel. Then, on February 24, 2004, Cantin sought leave to withdraw, citing unforeseen changes at his law firm that would impact his availability to work on Ringo's case. On March 25, 2004, the Court granted Cantin leave to withdraw and appointed Margaret Elise Barker as co-counsel to Galloway.

Barker, Galloway, and Ringo met on April 30, 2004. On June 28, 2004, Ringo sent letters to both Barker and Galloway, inquiring about their minimal contact with him. Barker filed a notice of appearance in Ringo's case on June 30, 2004. Then, on July 12, 2004, Ringo wrote a letter to the Court, noting lack of contact with his counsel and requesting a six-month extension of the statutory deadline to file a § 2254 petition. On August 25, 2004, the Court denied Ringo's pro se motion as "out of order," and informed Ringo that it would forward the motion to Ringo's counsel. Thereafter, Ringo wrote to the Court, again noting a lack of contact and requesting that the Court appoint Pilate to represent him.

On October 4, 2004, Ringo filed a pro se motion for appointment of new counsel. On November 4, 2004, the Court granted the motion and appointed Pilate and William C. Odle to

represent Ringo. On November 23, 2004, Pilate wrote to Ringo, stating counsel had identified Ringo's strongest issues and had "already made substantial progress."

On December 21, 2004, two days before the statute of limitations ran under § 2244(d), counsel filed a § 2254 petition on Ringo's behalf, asserting six grounds for habeas corpus relief. After the deadline, on January 31, 2005, counsel filed an amended petition that supplemented the same six grounds. Although filed without leave, the Court considered the amended petition, but denied § 2254 relief on August 22, 2005. The Court also denied Ringo's motion to alter the judgment under Fed. R. Civ. P. 59(e), but subsequently granted a certificate of appealability on two claims. The Court of Appeals for the Eighth Circuit affirmed the district court's denial of these two points, and the U.S. Supreme Court denied writ of certiorari.

On May 7, 2014, Ringo's appointed counsel filed the instant Motion for Relief from Judgment (Doc. #78) pursuant to Fed. R. Civ. P. 60(b), asserting that the circumstances surrounding his federal habeas proceeding demonstrate violation of his constitutional rights. Ringo argues that the motion is a true Rule 60(b) motion and the final judgment should be set aside based upon extraordinary circumstances that justify the tolling of the statute of limitations dictated by 28 U.S.C. § 2244(d).

## DISCUSSION

Fed. R. Civ. P. 60(b) provides that the Court may grant relief from final judgment for various enumerated reasons. FED. R. CIV. P. 60(b). The Court may also grant relief under this rule for "any other reason that justifies" it. FED. R. CIV. P. 60(b)(6). In the context of this case, Rule 60(b) may apply, but "only to the extent that it is not inconsistent with applicable federal statutory provisions and rules." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005).

3

## A. THE MOTION IS A TRUE RULE 60(b) MOTION.

As a threshold matter, the Court must determine whether Ringo's Rule 60(b) motion is in fact a motion for relief from judgment, as opposed to an impermissible second or successive petition for habeas corpus relief. Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009). A petitioner seeking to file a second or successive motion for habeas corpus relief must first secure permission from the appropriate appellate court. Gonzalez, 545 U.S. at 535. Because Ringo sought no such permission, the instant motion is only a true Rule 60(b) motion if it does not contain a "claim." Id. at 531-32.

In this context, a "claim" is an argument that either: "seeks to add a new ground for relief" or "attacks a federal court's previous resolution of a claim on the merits." Gonzalez, 545 U.S. at 532. By contrast, a true Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez, 545 U.S. at 532.

The Court appointed new counsel to represent Ringo in his federal habeas corpus proceeding on November 4, 2004, and under the statutory limitations period, his § 2254 petition was due on December 23, 2004. 28 U.S.C. § 2244(d) (2014). Ringo argues that before November 4, 2004, no meaningful progress occurred in his case through previously appointed counsel. Thus, by the time he was represented by counsel who worked on his case, they only had about seven weeks to prepare Ringo's § 2254 petition. The issue before the Court is whether Ringo's right to proceed under 28 U.S.C. § 2254 in this capital case was vitiated when appointed counsel had only seven weeks, as opposed to the full statutory one-year limitations period, to prepare Ringo's § 2254 petition.

In this case, the Court finds that Ringo's argument challenges the integrity of the underlying § 2254 proceeding. Ringo's assertion that he was effectively without counsel for most of the one-year limitations period does not seek to add a new ground for habeas relief, nor is it an assertion that seeks reconsideration of a claim that the Court already denied on its merits. Consequently, the Court concludes that Ringo's Motion for Relief from Judgment (Doc. #78) is a true Rule 60(b) motion.

### B. RELIEF FROM JUDGMENT IS NOT JUSTIFIED.

Rule 60(b)(6) provides a catch-all avenue for relief from judgment to protect against manifest injustice. Gonzalez, 545 U.S. at 535-36; Cornell v. Nix, 119 F.3d 1329, 1332 (8th Cir. 1997) (citing Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989)). A motion filed under this rule may be granted where extraordinary circumstances exist. Agostini v. Felton, 521 U.S. 203, 239 (1997). Although this rule is liberally construed where substantial justice so requires, extraordinary circumstances justifying Rule 60(b) relief will "rarely occur in the habeas context." Gonzalez, 545 U.S. at 535; Ackermann v. United States, 340 U.S. 193, 199 (1950).

The Court may grant relief pursuant to Rule 60 where the movant demonstrates that (1) extraordinary circumstances exist that justify reopening the final judgment at issue; and (2) the motion for relief from judgment was filed within reasonable time. FED. R. CIV. P. 60(b)(6)-(c); Cornell, 119 F.3d at 1332; Ackermann, 340 U.S. at 202.

#### 1. Extraordinary Circumstances

Under 28 U.S.C. § 2244(d), Ringo's § 2254 petition was due on December 23, 2004. Kreutzer v. Bowersox, 231 F.3d 460, 461-62 (8th Cir. 2000) (citing 28 U.S.C. § 2244(d)(1)). Although Ringo's appointed counsel filed a § 2254 petition on December 21, 2004, two days before the statute of limitations ran, Ringo argues that extraordinary circumstances exist in this

5

case because if Pilate and Odle would have been appointed before November 4, 2004, they would have had more than 49 days to prepare the § 2254 petition, and they would have asserted more grounds for relief.

Despite Ringo's assertion that counsel would have raised more § 2254 claims if they would have had more than 49 days to work, a review of the record indicates no evidence to support this argument. Ringo's motion includes conditional arguments about what other grounds he would have argued if his counsel had had more time to investigate, but the record is devoid of evidence indicating what counsel would have done if they had had more time. Instead, Ringo only asserts that there is a "reasonable probability" that counsel would have investigated and included additional arguments. Based on the record, the Court cannot conclude that Ringo has demonstrated the existence of extraordinary circumstances.

For example, counsel's letter in November 2004 to Ringo indicates that counsel had "already made substantial progress" and had identified "a list of [Ringo's] strongest issues." In addition, Ringo's § 2254 petition was filed two days before the date upon which the statute of limitations would run. These facts undermine the conclusion that more time to work on the § 2254 petition would have resulted in more claims. Thus, the Court concludes that extraordinary circumstances justifying Rule 60(b) relief are not present in this case.

Furthermore, although Ringo states that the sole basis for his motion for relief from judgment is that appointed counsel had just seven weeks to prepare his federal post-conviction petition, Ringo also appears to seek Rule 60(b) relief based on changes in the law after judgment was entered in his case. Specifically, Ringo relies particularly on the United States Supreme Court's decisions in Holland v. Florida, 560 U.S. 631 (2010), and Martinez v. Ryan, 132 S. Ct. 1309 (2012).

Ringo relies on Holland for the proposition that the § 2244(d) limitations period is subject to equitable tolling where a petitioner has been effectively abandoned by counsel, but has continued to diligently pursue his rights. See id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

The Court declines to extend the principles set forth in Holland to justify Rule 60(b) relief in this case. First, the Court finds the cases factually dissimilar. For example, Holland did not involve a Rule 60(b) motion. Also, Holland involved different conduct that spanned a longer timeframe. In addition, even if Holland was not factually distinguishable, as a general matter "a change in the law that shows a previous judgment may have been incorrect is not extraordinary circumstances justifying relief under Rule 60(b)(6)." Nash v. Hepp, 740 F.3d 1075, 1078 (7th Cir. 2014) (citing Gonzalez, 545 U.S. at 536).

Moreover, "equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Kreutzer, 231 F.3d at 463. Ringo's appointed counsel filed his § 2254 petition two days before the statute of limitations ran. Thus, even if the Court did find extraordinary circumstances, Ringo's § 2254 was timely filed, and equitable tolling would not apply.

The Court likewise finds Ringo's reliance on Martinez misplaced. Martinez created a limited exception to the doctrine of procedural default, permitting a court to excuse the default of a claim for ineffective assistance of counsel where state law does not permit a claim of ineffective assistance on direct appeal. See Martinez, 132 S. Ct. at 1314. Although under some set of facts, this Martinez exception could apply in Missouri, which does not allow the claim on direct appeal, it is unclear from the record how the Martinez decision would lead to Rule 60(b) relief in Ringo's case.

7

For the reasons stated, the Court finds that Ringo has not demonstrated extraordinary circumstances justifying Rule 60(b) relief.

   **2. Reasonable Time**

Notwithstanding the lack of extraordinary circumstances, the Court further finds Ringo has failed to fulfill Fed. R. Civ. P. 60(c), which requires that a Rule 60(b) motion be "made within reasonable time" after entry of judgment.

Ringo filed the instant motion for relief from judgment on May 7, 2014, or 105 months after this Court denied Ringo's § 2254 petition on August 24, 2005. He argues that the delay in filing the motion for relief from judgment was due to supervening changes in law set forth in Holland and Martinez. Because the Court finds neither Holland nor Martinez provide a basis upon which Ringo is entitled to relief from judgment, the dates upon which these decisions were handed down have no impact on any Rule 60(c) analysis.

Ringo also argues that the delay in filing the instant motion was caused by the issues associated with his appointment of counsel and counsel's press of other business. Although general issues with counsel may provide justification for part of the delay, Ringo has not provided sufficient evidence to explain a delay that spanned multiple years. Thus, the Court cannot conclude that the Rule 60(b) motion was filed within reasonable time.

For the reasons stated, the Court concludes that Ringo has not established justification for the requested relief by demonstrating both extraordinary circumstances and a timely-filed motion. Thus, the Court concludes relief under Rule 60 is not proper in this case.

   **C. A CERTIFICATE OF APPEALABILITY SHALL ISSUE.**

If a petitioner "has made a substantial showing of the denial of a constitutional right," the Court should grant a certificate of appealability. 28 U.S.C. § 2253(c)(2) (2014); Randolph v.

Kemna, 276 F.3d 401, 405 n.1 (8th Cir. 2002). The Court finds that Ringo has met this "modest standard" by demonstrating that reasonable jurists could find the Court's ruling on the relevant constitutional claims "debatable or wrong." Id.; Tennard v Dretke, 542 U.S. 274, 282 (2004) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Thus, a certificate of appealability is granted.

## CONCLUSION

Pursuant to review of the parties' arguments, the record, and the applicable law, the Court concludes circumstances do not justify relief from the final judgment under Fed. R. Civ. P. 60(b). Accordingly, it is hereby

ORDERED Petitioner Earl Ringo, Jr.'s Motion for Relief from Judgment (Doc. #78) is DENIED. It is further

ORDERED a certificate of appealability is GRANTED.

IT IS SO ORDERED.


DATED: September 3, 2014

                                            /s/ Brian C. Wimes
                                            JUDGE BRIAN C. WIMES
                                            UNITED STATES DISTRICT COURT